# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER BIRDWELL and ) <br> MICHAEL BIRDWELL, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY CORSO, in his individual ) <br> and official capacities, and the CITY OF ) <br> RIDGETOP, TENNESSEE, ) <br> ) <br>     Defendants. ) | Case No. 3:07-cv-0629 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the defendant City of Ridgetop's (Ridgetop's) Motion to Strike Portions of Plaintiffs' Second Amended Complaint (Docket No. 195). The Second Amended Complaint was filed on October 19, 2010. (Docket No. 180.) The gist of Ridgetop's motion is that the plaintiffs have, at this very late date (trial is set for December 7, 2010), asserted new claims for the first time and that those claims should be stricken. (Docket No. 195.)

Respectfully, the core premise of the plaintiffs' case – that Ridgetop violated the plaintiffs' constitutional rights in hiring officer Corso and that Corso violated the plaintiffs' constitutional rights by sexually harassing and assaulting Ms. Birdwell during a pair of traffic stops – is at risk of being lost in the maw of tangential issues raised by the Second Amended Complaint, Ridgetop's motion, and the plaintiffs' response. Some background is necessary to explain.

1

The plaintiffs' First Amended Complaint (filed April 25, 2008) asserted the primary factual allegations and generally referred to concepts such as negligence, unlawful restraint/detention, and violations of constitutional rights under Section 1983. (Docket No. 20.) On May 19, 2008, default was entered against officer Corso, who has not participated in this litigation. (Docket No. 32.)

On March 10, 2009, Ridgetop moved for summary judgment. (Docket No. 47.) Ridgetop's brief in support challenged the plaintiffs' Section 1983 claims against the city, and, in a brief concluding portion, argued that the plaintiffs' state law claims, whatever they happened to be, were not sustainable. (Docket No. 48.) In ruling on the summary judgment motion, Judge Echols, who was presiding over this case at the time, ruled that the plaintiffs' Section 1983 claim against Ridgetop was viable only on the theory that Ridgetop violated the plaintiffs' constitutional rights by "inadequately screening" Corso prior to hire. (Docket No. 62 at 11-12.) Judge Echols, in a brief concluding paragraph, determined that Ridgetop's conclusory arguments in support of summary judgment on the state law claims were not sufficient and, therefore, he declined to dismiss the claims. (*Id.* at 13.)

For a variety of reasons, this case has not proceeded to trial in the 18 months since the summary judgment ruling. Now, essentially on the eve of trial, the plaintiffs have attempted to "pin down" their claims. (Docket No. 177.) They now explicitly assert state law claims against Corso and, vicariously, Ridgetop, for false imprisonment, assault, and negligence, although the negligence claim appears primarily directed at Ridgetop. (Docket No. 180.) Additionally, their Section 1983 claim asserts that Corso is liable under that provision for unlawful seizure, sexual assault, excessive force, and gender discrimination. (*Id.* at 6-7.) This late attempt to clarify the

claims has resulted in confusion as to which claims remain viable, and it is important, at this point, to clarify that issue.

The plaintiffs' state law claims against Ridgetop will be dismissed. Because these claims attempt to impose state law liability against a municipal actor, they arise under the Tennessee Governmental Tort Liability Act (TGTLA). T.C.A. § 29-20-201. The court typically does not exercise supplemental jurisdiction over state law claims of this type against governmental entities because of the exclusivity provisions of that Act. *See* T.C.A. § 29-20-307; *Cutler v. Scott*, 2010 WL 2598248, *5 (W.D. Tenn. June 24, 2010)(declining to exercise supplemental jurisdiction over state law negligence, false imprisonment, and intentional infliction of emotional distress claims, among others, under exclusivity provision). Indeed, the Sixth Circuit has recognized that the TGTLA states a "clear preference" for these claims to be brought in state courts, and, therefore, the exercise of supplemental jurisdiction over these claims (and the duplicative official capacity claims against officer Corso) is improper. *See Gregory v. Shelby County, Tennessee*, 220 F.3d 443, 446 (6th Cir. 2000).

It is generally recognized that the TGTLA's jurisdictional limitations "do not apply to persons sued individually." *Timberlake v. Benton*, 786 F. Supp. 676, 697 (M.D. Tenn. 1992). Therefore, while a court may still decline jurisdiction, claims against officers in their individual capacity have been allowed to proceed depending on the nature of the claim and the needs of the case. *See Cross v. City of Chattanooga*, 2005 WL 2456977, *10 (E.D. Tenn. Oct. 3, 2005).

As to the individual claims against Corso, the *substantive* provisions of the TGTLA dictate that, in any court, Corso would be immune from liability on the plaintiffs' negligence claims. T.C.A. § 29-20-310(b); T.C.A. § 29-20-205. That is, Section 205 specifically removes

3

immunity from the governmental entity for negligent acts and omissions committed by government actors. Section 310(b) then dictates that no individual employee may be liable for a tort for which immunity has been removed from the governmental entity. *Id.* Therefore, courts have held that claims of state law negligence against officers in their individual capacity are not viable. *Arbuckle v. City of Chattanooga*, 696 F. Supp. 2d 907, 929-930 (E.D. Tenn. 2010). However, as to the false imprisonment and assault claims, the substantive provisions of the TGTLA do not apply, and those claims may proceed. *Id.*; *Sallee v. Barrett*, 171 S.W.3d 822, 829 (Tenn. 2005). Given the factual overlap between these claims and the Section 1983 claims against Corso, there is no reason to decline supplemental jurisdiction over the assault and false imprisonment claims.

On the Section 1983 claims against Corso, obviously, the Fourth Amendment protects citizens from an officer's use of excessive force and improper seizures, and citizens have a clearly established substantive due process right under the Fourteenth Amendment to "bodily integrity," which protects citizens against sexual assault at the hands of government officers. *Doe v. Magoffin County Fiscal Court*, 174 Fed. Appx. 962, 966-67 (6th Cir. 2006). The court believes that these Fourth and Fourteenth Amendment protections capture the essence of the rights violated in this case. Again, to be abundantly clear, these are Section 1983 claims against Corso *only*. Any theory of Section 1983 recovery against Ridgetop may be premised on improper screening *only*.

Therefore, at trial, the plaintiff may pursue a Section 1983 claim against Ridgetop based upon its hiring of Corso, a Section 1983 claim against Corso under the Fourth (excessive force and improper seizure) and Fourteenth Amendments (bodily integrity) and individual state law

4

claims against Corso for false imprisonment and assault. The court's dismissal of the state law claims against Ridgetop, while late in the day, is dictated by the TGTLA and, the court is confident, will have no bearing on the substantive outcome of this case. Ultimately, the jury will assess liability based upon the facts presented, however the claim is couched.

Therefore, City of Ridgetop's Motion to Strike Portions of Plaintiffs' Second Amended Complaint (Docket No. 195) is **GRANTED IN PART**. All state law claims against Ridgetop (and Corso in his official capacity) and the state law negligence claims against Corso in his individual capacity are **STRICKEN** from the Second Amended Complaint.[1] The bases for the Section 1983 claims are clarified as stated in this Order.

It is so ordered.

Enter this 15th day of November 2010.

ALETA A. TRAUGER
United States District Judge

---

[1] Ridgetop alleges that paragraph 20 of the Second Amended Complaint asserts an improper retention argument. (Docket No. 195 at 1.) The court has ruled that the plaintiffs may not assert retention-related claims in this case. (Docket No. 177.) In telling the "story" of this case, paragraph 20 raises arguable retention issues, but the Second Amended Complaint does not assert an improper retention claim. (Docket No. 180.) The court has recognized that the facts discussed in paragraph 20 will, unavoidably, be heard at trial, and "striking" paragraph 20 of the Second Amended Complaint would serve no useful purpose. (Docket No. 177.)

5